**[J-116-2020][M.O. - Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

IN RE:  CANVASSING OBSERVATION

APPEAL OF:  CITY OF PHILADELPHIA
BOARD OF ELECTIONS

:  No. 30 EAP 2020
:
:  Appeal from the November 5, 2020,
:  Single-Judge Order of the Honorable
:  Christine Fizzano Cannon of the
:  Commonwealth Court at No. 1094 CD
:  2020, reversing the November 3, 2020
:  Order of the Honorable Stella Tsai of
:  the Court of Common Pleas of
:  Philadelphia County at November Term
:  2020, No. 07003
:
:  SUBMITTED:  November 13, 2020

*DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  November 17, 2020**

The Commonwealth Court reasonably directed election officials in Philadelphia to move restrictive barriers in the Convention Center closer to the ballot-canvassing operations, which had been staged up to thirty-five yards from the areas to which the statutorily-authorized candidate representatives were confined.  Under the Commonwealth Court's order, these representatives could then observe whether ballots were being counted lawfully to the best of their ability, consistent with health and safety restrictions.  The record -- as well as publicly-available video recordings from the Convention Center -- amply demonstrate that this simply wasn't the case previously.

The canvassing has now proceeded to near conclusion under an ensuing agreement among the parties associated with federal litigation.  In my judgment, the matter is therefore moot -- or at least moot enough -- so that this Court's discretionary

intervention was and is not required. Moreover, the Legislature already is signaling that there will be an intense after-action review of the no-excuse mail-in voting regime, which is in its infancy in Pennsylvania. Accordingly, I doubt that the Court's present ruling, relative to governance that is quite likely to be substantially refined, will be of any importance in the future.

I also note that, given the enormous scale of canvassing activities and the historical balkanization associated with the administration of the election franchise at the county-and-district levels across the Commonwealth, there have been, and will always be, some localized irregularities. This is why courts are open throughout the election cycle, as here, to remedy these just as quickly as possible. It is also one of the reasons why we have a Commonwealth Court, with expertise in election matters, and organized to act expeditiously via single-judge consideration.

Finally, short of demonstrated fraud, the notion that presumptively valid ballots cast by the Pennsylvania electorate would be disregarded based on isolated procedural irregularities that have been redressed -- thus disenfranchising potentially thousands of voters -- is misguided. Accordingly, to the degree that there is a concern with protecting or legitimizing the will of the Philadelphians who cast their votes while candidate representatives were unnecessarily restrained at the Convention Center, I fail to see that there is any real issue.

Justice Mundy joins this dissenting opinion.